**Mario Rene MORALES-ORTIZ, Petitioner,**

**v.**

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 11-72985**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 19, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Frank T. Morell, Esquire, Attorney, Chula Vista, CA, for Petitioner

Kristen Giuffreda Chapman, Trial Attorney, OIL, Jennifer Parker Levings, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Mario Rene Morales-Ortiz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and review de novo due process claims, *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

In denying Morales-Ortiz's withholding of removal claim, the BIA considered the particular social group he argued and concluded that he failed to establish a causal nexus between a protected ground and the harm he suffered and fears from gangs. Substantial evidence supports the BIA's conclusion. *See INS v. Elias-Zacarias*, 502

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) ("[S]ince the statute makes motive critical, [an applicant] must provide *some* evidence of it, direct or circumstantial."). Thus, Morales-Ortiz's withholding of removal claim fails.

Substantial evidence supports the agency's denial of Morales-Ortiz's CAT claim because he failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya*, 524 F.3d at 1073. Thus, his CAT claim fails.

We lack jurisdiction to consider any challenges to the BIA's November 30, 2011, order denying Morales-Ortiz's motion to reconsider because he did not file a petition for review of that decision. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (explaining that petitioner must file separate, timely petition for review of order).

We reject Morales-Ortiz's claim that the BIA violated his due process rights by not reinstating a period of voluntary departure because the record reflects he was properly notified of the requirement to submit timely proof of bond to the BIA, but failed to do so. *See* 8 C.F.R. § 1240.26(c)(3); *Larita-Martinez*, 220 F.3d at 1096 (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**